UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

---

CHARLES O. EUBANKS,  )
    Pro Se Defendant,  )
                                   )   Case No. 07 CR - 50058-1
                                   )
v.                                 )
                                   )   **FILED**
                                   )
                                   )   AUG 0 6 2008
UNITED STATES OF AMERICA,  )
    Respondant.  )   MICHAEL W. DOBBINS
                                   )   CLERK, U.S. DISTRICT COURT

---

MOTION TO WITHDRAW PLEA

---

    NOW COMES, Charles O. Eubanks, Pro Se Defendant in the above entitled cause, in the interest of justice and the public reputation of the judicial process, moves this Honorable Court for permission to withdraw the Plea Agreement which was unintelligently signed June 4, 2008.

    The reason for this motion to withdraw the entered plea of guilty is due in part that the District Court lacks jurisdiction of law to impose a sentence under Title 18 U.S.C. § 1951(a) and pursuant to Rule 11 (N), I involuntarily and unknowingly waived to collaterally attack my sentence on appeal, where I believed that I was only waiving my right to go to trial, not waiving <u>all</u> my appeal right(s).

    This entire criminal matter began as violation of Class X felonies pursuant to Illinois Statute 720 ILCS 5/18-2, where Pro Se

(1)

Defendant Charles O. Eubanks was indicted August 14, 2007 and subsequently arrested pursuant to Illinois Statute 720 ILCS 5/18-2. Ultimately the State of Illinois allowed the Federal Government to disrupt the Constitutional guaranteed right(s) outlined in the 5th and 6th Amendments (Due Process and the Right to a Fair Trial) in that proceeding's absent an authority of law in violation of Title 40 U.S.C.S. § 3112 previously § 255, where there were no indication of acceptance of jurisdiction on behalf of the Federal Government by filing a notice of acceptance with the Legislative Body of the State of Illinois regarding this matter. There is no presumption in favor of and the basis for jurisdiction once challenged must be affirmatively shown. Hanford v. Davis, 163 U.S. 273, 16 S. Ct. 1055%, 14 L.Ed. 157 1896)(Lack of jurisdiction cannot be waived); Glidden v. Zdanok, 370 U.S. 530, 535-537 (1962).

The Federal Government must first establish Special Maritime and Territorial Jurisdiction of the United States, defined in Title 18 U.S.C. § 7 of the Federal Rules of Criminal Procedure, or Title 40 U.S.C.S. § 3112 (previously § 255), for the United States District Court to allow the Federal Government to exercise jurisdiction over offenses occurring "without" the United States, without first establishing Title 18 U.S.C. § 7 and/or Title 40 U.S.C.S. § 3112, which is an abuse of authority which was not delegated to the United States by the Constitution nor The People.

What Law governs? What constitutes interstate commerce is a federal question controlled by decisions of the United State Supreme Court, neither legislature nor the Courts of any state can define what is or is not such a burden upon interstate commerce as to constitute a violation of the Commerce Clause. Ingalls Iron Works Co.

v. Birmingham, 248 Ala. 417, 27 SO 2d. 788 (1946).

Whether commerce is interstate and subject to the regulatory powers of Congress or intrastate and subject to state control, should be determined from it's essential character. <u>Consolidated Edison Co. of New York v. N.L.R.B.</u>, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 3 LR.R.M. (BNA) 645 1 Lab Case (CCH) ¶17038 (1938); <u>Watker v. Vermont Parole Bd.</u>, 157 Vt. 72, 196 A 2d 1277 (1991).

In a Criminal Prosecution where the Federal Government is the moving party, it must not only prove ownership of the property upon which the crime was committed but it must also produce documentation that the State had ceded that property as well as jurisdiction to it thereby waiving all State jurisdiction over said property. The United State Supreme Court has addressed this issue and held that:

> "where lands are acquired without consent the possession of the United States, uless political jurisdiction be ceded to them in some way, is simply that of an ordinary proprietor."

<u>Adams v. United States</u>, 319 U.S., 312, 63 S.Ct., 87 L.Ed. 1421 (1943). See ALSO <u>United v. Grant</u>, 318 F. Supp. 2d 1042 (D. Mont 2004).

"No jurisdiction exist in the Federal United States to enforce Criminal Laws within any State until consent to accept jurisdiction over acquired lands has been filed on behalf, and in behalf of the United States as provided in Title 40 U.S.C.S. § 3112 (previously § 255), as private law of district, and the fact that the State authorized the Federal Government to take jurisdiction is immaterial." <u>Adams Supra</u>; <u>United States v. King</u>, 781 F. Supp. 315 (D. N.J. 1991)

Pursuant to <u>15A Am Jur § 9</u>; However a "but-for" casual chain from an activity to aggregate impact of every attenuated effect may not justify allowing Federal Regulation of activity which is truly

(3)

local and the Commerce Clause may not be used to completely obliterate the Constitutions distinction between National and Local authority. U.S. v. Morrison, 120 S.Ct. 1740, 144 Ed. Law Rep. 28, 82 Fair Empl. Prac. Cas. (BNA) 1313 (U.S. 2000); Gilbert v. Babbit, 2000 WL 726073 (4th Cir. 2000); Allied Local & Regional Mfrs. Caucus v. U.S. E.P.A., 2000 WL 737750 (D.C. 2000)(Congress may not regulate noneconomic, violent criminal conduct based solely on that conducts aggregate effect on interstate commerce).

Therefore, Federal Jurisdiction is lacking giving the fact that the State of Illinois authorized the Federal Government to interrupt the Due Process Proceedings within the State of Illinois unconstitutionally by way of it's Assistant United States Attorney's actions is immaterial based on the fact that jurisdiction was not properly ceded and accepted as prescribed by the Constitution and by law.

Pursuant to 15A Am Jur § 14. nor may concurrent powers of federal/state to regulate commerce be enlarged or diminished by the exercise or nonexercise of State Power. U.S. v. Darby, 312 U.S. 100, 312 U.S. 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430 (1941); U.S. v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed. 2d 626, 99 Ed. Law Rep 24 (1995)

It is clearly evident in each of the instances that the Federal Government has listed; with respect to the mentioning of the business names, what was reportedly robbed in those businesse(s), included with the dates the reported robberies occurred, has failed to show a nexus in those specific robberies to those businesse(s), and how acts obstructed, delayed, and effected commerce and the movements of articles and commodities in commerce as defined in Title 18 U.S.C. § 1951(a).

Pursuant to <u>15A Am Jur § 16</u>. The regulatory power of Congress over interstate and foreign commerce does not attach until such intercourse begins and ceases when interstate and foreign commerce intercourse ends. <u>Carter v. Carter Coal Co.</u>, 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160 (1938); <u>Wallace v. Currin</u>, 95 F. 2d 856 (C.C.A.) (4th Cir. 1938).

Although the Commerce Clause authorizes Congress to regulate interstate commerce directly it does not authorize Congress to regulate State Government regulation of interstate commerce pursuant to the necessary and proper clause or enlarge the specific jurisdiction of Federal Courts in Admiralty. <u>Printz v. U.S.</u>, 521 U.S. 898, 117 S.Ct. 2865, 188 L.Ed. 2d 914 (1997); <u>Oseredzuk v. Warner Co</u>, 354 F. Supp. 453, 1972 A.M.C. 2007 (E.D. Pa. 1972) Affd. ; <u>Doran v. Lee</u>, 287 F. Supp. 807 (W.D. Pa. 1968).

In order for an act of Congress to supersede a State Statute, the consent must be direct and positive, so that the two acts cannot be reconciled or consistently stand together. <u>Huron Portland Cement Co. v. City of Detroit Mich.</u>, 362 U.S. 440 S.Ct. 813, 4 L.Ed. 2d 852 1 Env't Rep. Cas. (BNA) 1016, 78 A.L.R. 2d 1294 (1960).

The criminal procedure Process was nearly sixty (60) days within it's Due Process in presenting criminal charges against Pro Se Defendant where under the Constitution Defendant has a Right to a Speedy and Public Trial, by and an impartial jury of the State and District wherein the crime shall have been committed, as well, the Defendant nor be deprived of life, liberty, or property without Due Process of law. The Circuit Court of Illinois within the County of Winnebago had begun proceedings to bring charges and presentment

of indictment under 720 ILCS 5/18-2 and was sixty (60) days within that process before this matter was unconstitutionally interrupted and placed under federal jurisdiction which can only be viewed as vindictive prosecution. This Honorable Court must examine it's jurisdiction and determine if the unconstitutional transfer of these young men over to federal jurisdiction was solely based on race. The Court must determine if the amount of individuals turned over by the State of Illinois to the Federal Government is equally proportion to the overall spectrum and not just targeting African Americans. In the Courts re-evaluation of jurisdiction, the main unanswered question the Court must consider is that Pro Se Defendant Charles O. Eubanks is twenty (20) years of age with no extensive criminal background or history, that warrants the State of Illinois to relinquish jurisdiction unconstitutionally over to the federal government, with full intent and purpose none other than to extract from this venture a lengthy sentence for crimes within the State of Illinois, where the federal government has no vested interest in the property, person(s), or land where alleged crimes occurred, where said acts are municipally legislated within the State of Illinois, where he was born, resides, and where reported robberies occurred.

Pursuant to <u>15A Am Jur 2d § 29</u>. The States retain exclusive control over that commerce which is completely internal, which is carried on between one person and another in a state, and which does not extend to or affect other states. <u>Katzenbach v. McClung</u>, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed. 2d 290, 1 Empl. Prac. Dec. (CCH) ¶9713 (1964); <u>W.J Seufert Land Co. v. National Restuarant Supply Co.</u> 266 OR. 92, 511 P. 2d 363 (1973); <u>U.S. v. Harrington</u>, 108 F. 3d 1460 (D.C. Cir. 1997); <u>State v. Jacksonville Terminal Co.</u>, 96 Fla. 295, 117

SO. 869, 59 A.L.R. 324 (1928); Western Union Telegraph Co. v. Lee, 174 Ky. 210, 192 S.W. 70 (1917); Ingram v. Hughes, 170 S.C. 1, 169 S.E. 425, 87 A.L.R. 1325 (1933).

A contract of sale between citizens of different states is not a subject of interstate commerce merely because it was negotiated between citizens of different states or by the agent of a company in another state when the agreement itself is to be completed and carried out wholly within the borders of a state. Ware & Leland v. Mobile County, 209 U.S. 405, 28 S.Ct. 526, 52 L.Ed. 855 (1908); People v. Cole, 187 Cal. App. 2d Supp. 847, 9 Cal. Rptr. 788 (Super Ct. 1960). a transaction does not lose its intrastate status because the total activities from which the local transaction derives may have incidental interstate attributes. Department of Treasury of State of Indiana v. Wood Preserving Corp., 313 U.S. 62, 61 S.Ct. 885, 85 L.Ed. 1188 (1941); Martin Ship Service Co. v. City of Los Angeles, 208 P. 2d 389 (Cal. App. 2d Dist, 1949); Gross Income Tax Division v. W.B. Conkey Co., 228 Ind. 352, 90 N.E. 2d 805 (1950). However for taxation purposes at least, the purpose of the goods in one state and their subsequent transportation to another state does not, in and of itself render the sales transaction interstate commerce. McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876 (1940); Mcleod v. J.E. Dilworth Co., 205 Ark. 780 171 S.W. 2d 62 (1943); Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, 162 A.L.R. 844 (1946); City of Clifton v. Weber, 84 N.J. Super. 333, 202 A. 2d 186 (App. Div. 1964)

  Fort Leavenworth R. Co. v. Lowe, 114 U.S. 525, S.Ct. 995 (1885)

"in essence, these cases among many others, hold that jurisdiction of any particular State is co-extensive with it's borders or territory, and all persons and property located or found therein are subject to such jurisdiction, this jurisdiction is superior."

The federal government has no police power. In June 1957 the government of the United States published a work entitled; "Jurisdiction over Federal Areas within the States"; Report of the Interdepartmental Committee for the study of jurisdiction over federal areas within the states, Part II, therein the committee stated; "the Constitution gives express recognition to but by one means of federal acquisition of legislative jurisdiction by state consent under Article I § 8 Clause 17. Justice McLean suggested that the Constitution provided the sole mode for transfer of jurisdiction and that if this mode is not pursued, no transfer can take place." Id. at 41. "it scarcely needs to be said that unless there has been a transfer of jurisdction (1) pursuant to Clause 17 by a federal acquisition of land with state consent, or (2) by cession from the State to the Federal Government, or unless the Federal Government has reserved jurisdiction upon the admission of the State the federal government possesses no legislative jurisdiction over any areas within a state, such jurisdiction being exercised by the state subject to non-interference by the state with federal functions." Id. at 45. "on the other hand, while the federal government has power under various provisions of the Constitution to define and prohibit as criminal, certain acts or omissions occurring anywhere in the United States, it has no power to punish for various other crimes, jurisdiction over which is retained by the State under our Federal State system of government, unless such crimes occur on areas as to which legislative jurisdiction has been vested in the Federal Government."

Id. at 107. United States v. Lopez, 115 S.Ct. 1624 131 L.Ed. 2d 626 57 CLR 2033 (1995).

Pursuant to 15A Am Jur § 55. The transportation of a product from one state to another pursuant to the operation of a retail business in the latter state does not indicate that a retail dealer is engaged in interstate commerce and thus, purchases made outside of a state of products sold within the state do not change the character of ones business from intrastate to interstate, when such purchases are merely incidental to ones principal business. Mitchell v. Clowser, 153 W. Va. 552, 170 S.E. 2d 753 (1969).

It is a well established principle of law that all federal legislative applies only within territorial jurisdiction of the United States unless a contrary intent appears". See Caha v. United States, 152 U.S. 211, 215, 14 S.Ct. 513 (1894); American Banana Co. v. United Fruit Co., 213 U.S. 347, 357, 29 S.Ct. 511 (1909); United States v. Bowman, 260 U.S. 94, 97,98, 43 S.Ct. 39 (1922); Blackmer v. United States, 284 U.S. 421, 437, 52 S.Ct. 252 (1932); Foley Bros. v. Filardo, 336 U.S. 281, 285, 69 69 S.Ct. 575 (1949); United States v. Spelar, 338 U.S. 217, 222, 70 S.Ct. 10 (1949); and United States v. First National City Bank, 321 F. 2d 14, 23 (2nd Cir. 1963) and this principle of law is expressed in a number of cases from Appellate Courts; See Mckeel v. Islamic Republic of Iran, 722 F. 2d 582, 589 (9th Cir. 1983)(holding that Foreign Sovereign Immunities Act as territorial); Meredith v. United States, 330 F. 2d 9, 11 (9th Cir. 1964)(holding that Federal Tort Claims Act as territorial); United States v. Cotroni, 527 F. 2d 708, 711 (2nd Cir. 1975)(holding that the Wiretaps Law as territorial); Thomas v. Brown & Root Inc., 745 F. 2d 279, 281 (4th Cir. 1984)(holding same as Cleary, Supra);

Pfeiffer v. Wiiliam Wrigley Jr. Co., 755 F. 2d 534, 557 (7th Cir. 1985)(holding that Age Discrimination Laws as territorial).

Pursuant to 15A Am Jur § 62. Contracts by brokers for the sale of products or commodities for future delivery. when the transactions are closed by contracts completed in one state, although the orders are received from another state are not the subject of interstate commerce. Dickson v. Uhlmann Grain Co., 288 U.S., 53 S.Ct. 362, 77 L.Ed. 691, 83 A.L.R. 492 (1933).

Pursuant to 15A Am Jur § 76. The determination of whether goods are transported in interstate commerce looks to whether the entire transportation was continuous. Centruy Indem Co. v. Carlson, 133 F. 3d 591 (1998). Intent, while not alone conclusive is probably the most important single determinant of continuous. U.S. v. Erie R. Co., 280 U.S. 9850 S.Ct. 51, 74 L.Ed. 187 (1929); Chicago M. St. P&P R. Co. v. Campbell River Mills Co., 53 F. 2d 69 (C.C.A. 9th Cir. 1931) Pennsylvania R. Co. v. Public Utilities Commission of Ohio, 298 U.S. 170, 56 S.Ct. 687, 80 L.Ed. 1130 (1936).

As to Count fourteen (14) and all subsequent counts in the indictment relating to Pro Se Defendant Charles O. Eubanks, it is evident and a matter of fact that Soto's Jewelry Store located at 1126 South Main Street, Rockford, Illinois is a licensed retail store incorporated to do business in the State of Illinois, within the County of Winnebago, which sells jewelry and that the date of August 2, 2007 the day the store was reported robbed had merchandise, goods and/or articles put on display in the store for sale.

As to Count twelve (12) and all subsequent counts in the indictment relating to Pro Se Defendant Charles O. Eubanks, it is evident and a matter of fact that Englewood Beauty Supply located at 515 Marchesano Drive, Rockford, Illinois, is a licensed retail store inco-

rporated to do business in the State of Illinois within the County of Winnebago, which sells merchandise in the State of Illinois within the City of Rockford, and that the date of July 31, 2007 the day the business was reported robbed had merchandise, goods and/or articles put up on display in the store for sale.

As to Count ten (10) and all subsequent counts in the indictment relating to Pro Se Defendant Charles O. Eubanks, it is evident and a matter of fact that R.B.'s Auto Sales located at 2701 11th Street, Rockford, Illinois is a licensed used car store incorporated to do business in the State of Illinois within the County of Winnebago, which sells used cars within the State of Illinois within the City of Rockford, and that the date of July 27, 2007 the day the business was reported robbed, had used cars, merchandise, goods, and/or articles put up on display in the store for sale.

As to Count eight (8) and all subsequent counts relating to Pro Se Defendant Charles O. Eubanks, it is evident and a matter of fact that Victory Lane Auto's located at 2805 11th Street, Rockford, Illinois is a licensed used car store, incorporated to do business in the State of Illinois within the County of Winnebago, which sells used cars within the State of Illinois within the City of Rockford and that the date of July 20, 2007, the day the business was reported robbed had used cars, merchandise, goods, and/or articles put up on display in that store for sale.

Pursuant to <u>15A Am Jur § 67</u>. Termination of protection afforded by the Original Package Doctrine ceases if;
1) The imported article is sold even though the merchandise is in the hands of the purchaser remains in the original package.
2) The container is opened and smaller packages removed therefrom

and offered for sale.

3) The original packages are put up for sale and so dealt with as to make them apart of the common mass of the property.

4) The recipient of the packages has an unexecuted intention to reopen it and sell the contents.

Pursuant to 15A Am Jur § 69. "the beginning of the transit constitute interstate commerce, is the time at which and article is started on it's passage. This is when the article have been delivered or tendered to a common carrier for export although on a local bill of lading". See Federal Compress & Warehouse Co. v. McLean, 291 U.S. 17, 54 S.Ct., 267 78 L.Ed. 622 (1934); Missouri K&T Ry. Co. v. Ashinger, 1916 Ok. 1043, 63 OKLA. 120. 162 F. 814 (1916); Hammer v. Dagenhart, 247 U.S. 251, 38 S.Ct. 529, 62 L.Ed. 1101, 3 A.L.R. 649 (1918)where a truck carrying a load to a purchaser in interstate commerce and on its return trip after having completed the load is incidental to interstate commerce.

Where it is a well known fact that the purported articles that could be considered apart of the interstate spectrum had clearly traveled and came to rest, where the interstate characteristics had ceased and therefore been terminated to exist, where it is known as a matter of obvious knowledge that the merchandise, goods, and/ or articles were plainly put up within each of the specific businesse(s) within the State of Illinois within the County of Winnebago, and City of Rockford, on display for sale at the reported time of robberies, where interstate commerce had cease to exist at the time of said robberies to each of the listed retail stores.

Pursuant to 15A Am Jur § 72. Interstate Commerce ordinarily continues until it reaches the point where the parties originally

intended the movement of the merchandise, goods, or articles should finally end. In other words, the transportation of the goods usually is not complete until the shipment arrives at the point of destination and is there delivered. See <u>Brown v. Maryland</u>, 25 U.S. 419 (1827); <u>Binderup v. Pathe Exchange Inc.</u>, 263 U.S. 291, 44 S.Ct. 96, L.Ed. 308 (1923); <u>Gambino v. Jackson</u>, 150 W. Va. 145 s.e. 2d 124 (1965); <u>Low v. Austin</u>, 80 U.S. 29 (1872)

 The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States. <u>U.S.C.A Const. Art. I § 8 Cl. 3</u>, <u>U.S. v. Morrison</u>, 120 S.Ct. 1740, 146 L.Ed. 2d 658, 144 Ed. Law Rep. 28 (U.S. 2000)

 Pursuant to <u>15A Am Jur § 84</u>. Congress may not regulate every matter pertaining to interstate commerce' for example, it cannot regulate matters between two private parties or transaction in which States act as a market participants, such as when it manufactures and sell products in the private sector, although Congress power is broad and sweeping it is not a general police power, such a general power is reserved to the State. See <u>Brzonkala v. Virginia Polytechnic Institute and State University</u>, 169 F. 3d 820, 136 Ed. Law Rep. 15 (4th Cir. 1999); <u>U.S. v. Brown</u>, 74 F. Supp. 2d 637 (N.D. W. Va. 1998); <u>U.S. v. Lankford</u>, 196 F. 3d 563 (5th Cir. 1999).

 Crimes directed toward and individual violates the Hobbs Act, which prohibits interference with commerce by threats or violence <u>only if</u>;

1) the acts deplete the assets of an individual who is directly and customarily (as a matter of habit) engage in interstate commerce.

2) the acts cause or create the likelihood that the individual will deplete assets of an entity engaged in interstate commerce, or

3) the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce.

Under the "deplete the assets theory" the Federal Government need only show a de minimis nexus on how acts affected interstate commerce and to insure that a fair and honest impartiality to this rule has been shown, "<u>all</u>" businesse(s) in relation to the instant offense must as a matter of tradition in Hobb Act Cases, the owner or manager must take the stand and testify that business robbed deals directly and customarily in interstate commerce.

Pro Se Defendant Charles O. Eubanks contends that the Federal Government has failed to have owners or managers of said businesse(s) that were reported robbed testify before a grand jury or before this Honorable Court that there businesse(s) engage in interstate commerce, where the above three (3) point prong have been satisfied minus any stretch of authority to garnish jurisdiction under this act, where the mere presentment of charges and/or indictment without jurisdiction doesn't justify jurisdiction where the Federal Government's indictment has failed to meet the three point prong relating to Pro Se Defendants Charles O. Eubanks alleged robberies.

Lastly in <u>Glidden v. Zdanok</u>, 370 U.S. 530 (1962) at 719; "that judges who might be confirmed for other Courts, might "never pass muster for onerous and life-or-death duties of Article III judges. The standard procedure today is for a state citizen without federal criminal liability, to be subjected to federal "so called" indictment "so called" trial, before an Article I or Article IV Court without

(14)

criminal jurisdiction, without territorial jurisdiction, without personal jurisdiction, without subject jurisdiction on issues without legislative jurisdition, is absence of judicial jurisdiction and in violation of the "exclusive jurisdiction" of the State wherein citizen resides."

The Supreme Court held;

> "it is as much the duty of Government to render prompt justice against itself... in favor of citizens, as it is to administer the same between private individuals." <u>Glidden Supra</u>, at 689 (Emphasis Added)

The Pro Se Defendant Charles O. Eubanks was never fully apprised of his Constitutional and Statutory Rights by counsel, regarding his indictment and subsequent plea, his attorney of record never fully investigated and/or disclosed whether the listed businesse(s) were licensed and incorporated to do business with the Secretary of State for the State of Illinois, nor did attorney of record explain clearly the full spectrum in regard to purported interstate commerce charges, rendering the plea unknowing and involuntary, because had Pro Se Defendant Charles O. Eubanks been fully apprised he would of never taken the plea, and it is because of this lack of knowledge of intelligently explained plea on behalf of counsels ineffectiveness, the plea is unconstitutional therefore rendering said plea null and void. That any sentence imposed would be unconstitutional, and any Judgment entered therefrom would be a void Judgment and Commitment Order. A Judgment and Commitment Order that was signed without jurisdiction. A judgment and Commitment Order that would be unequitable. A judgment and Commitment Order that would be unenforceable under <u>Article II</u> of the United States Constitution.

CONCLUSION

WHEREFORE, for the above stated reasons Pro Se Defendant Charles O. Eubanks moves this Honorable Court to protect his Constitutional Rights by vacating and setting aside the plea aggrement. I So Pray.

RESPECTFULLY SUBMITTED
Charles O. Eubanks Pro Se

CERTIFICATE OF SERVICE

I, CHARLES O. EUBANKS, Pro Se Defendant in the aboved cause certify that I caused two (2) copies of (Affidavit in support of motion to withdraw plea, and Motion to withdraw plea) via delivered by U.S. Postage Mail and/or hand delivered to the Clerk of the United States District Court for the Northern District of Illinois this_____day of _____, 2008.

RESPECTFULLY SUBMITTED
Charles O. Eubanks Pro Se

FILED

UNITED STATES DISTRICT COURT

AUG 0 6 2008

FOR THE NORTHERN DISTRICT OF ILLINOIS

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHARLES O. EUBANKS, )
       Pro Se Defendant, )
  )
v. )   Case No. 07 CR-50058-1
  )
  )   RE: AFFIDAVIT IN SUPPORT OF MOTION
  )          TO WITHDRAW PLEA
  )
UNITED STATES OF AMERICA, )
       Respondant. )

    I, CHARLES O. EUBANKS, deposes and sayeth that I am the Affiant-Pro Se Defendant in the above entitled action and the information contained herein is true and correct and not misleading to the best of my knowledge, Avers that;

    Under Rule 11(N) Pro Se Defendant CHARLES O. EUBANKS, unknowingly waived to collaterally attack my sentence on appeal, and I would like to withdraw that Plea because I believe the Court lacks Jurisdiction to impose any sentence.

1) I have a slight difficulty in understanding and communicating the things my lawyer said to me regarding the Plea.

2) my attorney didn't intelligently inform me of all direct consequences of the Plea, where I understood fully.

3) I unknowingly sign the plea without having full knowledge that I also were waiving <u>all</u> my appeal rights, I was told by my attorney that I was only waiving my trial rights, had I known with full knowledge that I was waiving my appeal rights I would of never

(1)

signed Plea.

4) that the United States Government did not establish that the location where the offenses occurred came within Federal Criminal Jurisdiction under the Assimilative Crimes Act, as Land Reserved or Acquired for use of the United States.

5) that the United States Government presented absolutely no evidence confirming they had exclusive or concurrent jurisdiction over the locations where the offenses occurred in the State of Illinois, City of Rockford, County of Winnebago.

6) that the United States Government presented no evidence that the Legislature of the State of Illinois had ceded jurisdiction of the locations where offenses occurred.

7) that the record in case number 07 CR-50058-1 does not affirmatively and properly reflect that the United States Government satisfied exclusive jurisdiction (via);
   (1) Powers enumerated through the United States Constitution;
   (2) Title 40 U.S.C.S. § 3112 (previously § 255);
   (3) Title 18 U.S.C. § 7, Special Territorial and Maritime Jurisdiction as required by law.

8) my signing of the Plea was involuntary due in part that my attorney never explained fully the commerce clause and how it relates to my case, all he was concerned with was getting me to sign the Plea. Had I known intelligently and been fully informed of Congresse(s) Intent regarding Interstate Commerce I would of Never signed the Plea.

WHEREFORE the reasons stated above I respectfully pray that this Honorable Court withdraw the Plea that was unintelligently, unknowingly,

(2)

and involuntarily signed as so described above.

## DECLARATION UNDER PENALTY OF PERJURY

I, CHARLES O. EUBANKS, declare under penalty of perjury that I am the Pro Se Defendant in this matter, that I have read this motion (Affidavit and Motion to Withdraw Plea) and that the information in the above motion(s) is true and correct. See Title 28 U.S.C. § 1746 and Title 18 U.S.C. § 1621.

Affiant Sayeth Not

CHARLES O. EUBANKS

(3)

Mr. Charles Eubanks
P.O. Box 217
Oregon, IL 61061

(Privileged Legal Mail)

MAILED FROM
OGLE COUNTY JAIL

FIRST CLASS

Clerk of
United States District Court
for
Northern District of Illinois
211 S. Court Street
Rockford, IL 61101

RECEIVED
AUG 06 2008
US MARSHAL

POSTAGE DUE 68

